**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| 6CORE INVESTMENTS, LLC,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>BOUARI INTERNATIONAL FRANCHISE LLC and CAROL ANN CHANEY,<br><br>　　　　　　Defendant(s). | Case No. 2:13-cv-02202-APG-NJK<br><br>**REPORT & RECOMMENDATION** |

　　　　This matter is before the court on Defendants' failure to comply with the Court's Orders (Docket Nos. 21, 22).

　　　　On December 18, 2013, this court granted Defendants' former counsel's motion to withdraw as counsel of record and gave Defendant Carol Ann Chaney 30 days, in which to retain counsel or file a notice with the court that she would be appearing in this matter *pro se*. Docket No. 21. Because a corporation cannot appear except through counsel, the court gave Defendant Bouari International Franchise, LLC 30 days, in which to retain counsel of record authorized to appear in this action. *Id.* The order directed the Clerk of the Court to serve Defendants with a copy of the order at the last known addresses provided by its former counsel, and advised Defendants that their failure to timely comply with the order "may result in a recommendation to the District Judge for sanctions, including case-dispositive sanctions." To date, Defendant Bouari International Franchise, LLC has failed to retain counsel of record, and Defendant Carol Ann Chaney has failed to either retain counsel of record or to file a notice with the court that she will be appearing in this matter *pro se*. None of the Defendants has requested an extension of time in which to comply with the court's order.

. . .

. . .

On January 23, 2014, the Court issued an Order to Show Cause instructing Defendants to show cause, in writing, no later than February 14, 2014, why they should not be sanctioned and/or why the Court should not recommend that default judgment be entered against them for failure to defend and failure to comply with the Court's prior order. *See* Court Order to Show Cause, Docket No. 22.  The Order advised Defendants that failure to comply would result in a recommendation to the District Judge that default judgment be entered against them. *Id*. Defendants have not complied or requested an extension of time in which to comply.

Accordingly,

**IT IS THE RECOMMENDATION** of the undersigned United States Magistrate Judge that the Defendants' pleadings be STRICKEN.

**IT IS FURTHER RECOMMENDED** that the Clerk of the Court enter judgment accordingly.

Dated: March 11, 2014.

_____
**NANCY J. KOPPE**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.